# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL FORTE,<br>      Petitioner,<br><br>v.<br><br>COMMISSIONER OF CORRECTIONS,<br>      Respondent. | **CIVIL ACTION**<br>**NO. 14-40173-TSH** |

## ORDER
September 28, 2015

**HILLMAN, M.J.**

### Background

The Petitioner, Michael Forte ("Forte" or "Petitioner"), is a state inmate incarcerated at MCI Norfolk in Norfolk, Massachusetts. He is currently serving a life sentence without the possibility of parole after being convicted of first degree murder. Forte has filed a Petition Under 28 U.S.C. §2254 For Writ Of Habeas Corpus By A Person In State Custody (Docket No. 6)("Petition").[1]

---

[1] Petitioner has named Carol Higgins O'Brien, Commissioner of Corrections as the Respondent in this case; the proper Respondent is the superintendent of the correctional facility where he is being held. In his Petition, Forte listed his place of confinement as the Souza-Baranowski Correctional Center in Shirley, Massachusetts. However, the address he provided the Court prior to filing his Petition is MCI Norfolk, and that is the address he has used for his most recent filings. Forte should amend his Petition to reflect that the appropriate Respondent is Sean Medeiros, Superintendent of MCI Norfolk

On December 18, 2014, Petitioner, proceeding *pro se*, filed his Petition. At the same time, he filed a motion to proceed *in forma pauperis*; that motion was *allowed* that same date.[2] Thereafter, both parties filed various ministerial and procedural motions, most of which have been ruled on by the Court. Presently pending are Petitioner's Motion for Order to Expand record (Docket No. 13) and Petitioner's Motion for Appointment of Counsel filed *Ex Parte* (Docket No. 14).[3] Petitioner's motion to expand the record seeks to have Respondent file quality duplication of eighteen pages of photographic exhibits produced in his motion for new trial in the state court. That motion is *denied*, as moot because Petitioner has himself filed the photographic exhibits. *See* Docket No. 23. Petitioner's motion for appointment of counsel is *denied* for the reasons set forth below.

## Discussion

Forte requests that counsel be appointed to represent his interests in this matter. There is no constitutional right to counsel in civil cases. *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam); citing *Andrews v. Bechtel Power Corporation and Local 276, Plumbers and Pipefitters Union*, 780 F.2d 124, 137 (1st Cir. 1985). However, the Court has granted Forte's motion to proceed *in forma pauperis*, and therefore, he may seek appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1).  In order to qualify for appointment of counsel under Section 1915(e)(1), a party must be indigent[4] and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process

---

[2] Forte's cover letter accompanying his motion to proceed *in forma pauperis* indicated that he was also filing a motion for appointment of counsel, however, no such motion was filed at that time.

[3] Motions for appointment of counsel are generally not filed *ex parte* and Petitioner has not established cause for sealing this Order. Therefore, the Order will be available on the public docket.

[4] In allowing his motion to proceed *in forma pauperis*, the Court has found that Forte is indigent.

rights." *DiBuono v. Guckenheimer Enterprises, Inc.*, 2011 WL 180554, Civ. No. 10-40255-FDS, *1 (D.Mass. Jan. 13, 2011); *Cookish,* 787 F.2d at 2. In determining whether exceptional circumstances exist, the court must look to the totality of the situation. *DesRosiers v. Moran*, 949 F.2d 15, 25 (1st Cir. 1991). There are several factors that demonstrate "exceptional circumstances", including: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case."   *Cookish*, 787 F.2d at 3 (internal citations omitted).

      The aforementioned factors are not exhaustive. *DesRosiers*, 949 F.2d at 24 ("a court must examine the *total* situation" (emphasis added)). In determining whether to appoint counsel in civil proceedings, courts additionally have considered the likelihood of success of the claim, whether information necessary to support a petitioners claims are available in prior court filings, and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden,* 346 F.Supp.2d 207, 209 (D.Me. 2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

      In support of his request, Forte asserts: (1) he is unable to afford a lawyer; (2) habeas corpus litigation is complex and requires special experience and skill; (3) proper presentation of

his claims will require soliciting affidavits from attorneys involved in state court proceedings and from an expert in video analyses; (4) facts relating to his prosecutorial misconduct/false evidence claim will be difficult to obtain without professional investigation and legal assistance; and (5) the evidence in his case is supportive of actual innocence. Contrary to Forte's assertions, neither the legal issues nor the underlying supporting facts relevant to his claims are particularly complex relative to other habeas proceedings. Forte has made multiple filings in this matter and has demonstrated a sufficient ability to draft coherent legal arguments and pleadings. As evidenced by the supporting documentation in his pleadings, he has also shown that he is more than able to conduct an investigation and obtain evidence to substantiate his claims. For the most part, he has complied with the rules of this Court. At this stage of the proceedings, I cannot determine one way or the other that there is a strong likelihood that Petitioner will succeed on the merits of his claim, however, given the deference afforded the rulings by the state court under Section 2254, a petitioner faces a high burden in establishing entitlement to relief. Finally, Forte has not indicated that he has attempted to find outside counsel to represent him. Considering these factors, I find that Forte has failed to establish the existence of exceptional circumstances which would justify appointment of counsel. Therefore, his motion is denied.

## Conclusion

1. Petitioner's Motion for Order to Expand Record (Docket No. 13) is ***denied***, as moot.

2. Petitioner's Motion for Appointment of Counsel filed *Ex Parte* (Docket No. 14) is d*enied*.

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**